UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DERIC NELSON,

    Petitioner,

- against -

CHARLES J. HYNES, District
Attorney's Office of New York
City; DORA B. SCHRIRO,
Commissioner of Corrections
Department of New York City;
THOMAS HALL, Warden of Otis Bantum
Correctional Center,

    Respondents.
----------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 17, 2013
BROOKLYN OFFICE

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

12-CV-4913 (KAM)(LB)

MATSUMOTO, United States District Judge:

    On October 1, 2012, Burley Nelson, proceeding *pro se*, filed a petition for a writ of habeas corpus (the "petition") on behalf of his son, Deric Nelson ("petitioner"), alleging violations of petitioner's rights under the Fourth, Fifth, and Sixth Amendments of the United States Constitution. (ECF No. 1, Petition for Writ of Habeas Corpus dated 9/20/2012 and filed 10/1/2012 ("Pet."), at 1, 6-7, 9.)[1] For the reasons that follow, the petition is dismissed without prejudice.

---

[1] The court notes that petitioner has incorrectly numbered the pages of the instant petition. Accordingly, to ensure clarity, the court will instead refer to the ECF-generated page numbers.



## BACKGROUND

In December 2009, petitioner was arrested by the New York City Police. http://iapps.courts.state.ny.us/webcrim_ attorney/AttorneyWelcom, Case Number 00046-2010 (last visited 1/16/13). On January 29, 2010, petitioner was indicted by a Grand Jury in Kings County, New York and charged with several felonies, including attempted grand larceny and falsification of business records. *See id.* Subsequent to his indictment, petitioner was temporarily released on bail. *Id.* In March 2012, however, he was remanded into custody and detained in the Otis Bantum Correctional Center on Rikers Island ("OBCC"). (Pet. at 8.)

During petitioner's detainment at OBCC, Burley Nelson filed the instant petition, which was drafted by petitioner, on petitioner's behalf. (*See id.* at 1, 9.) The petition challenges the constitutionality of petitioner's arrest and criminal proceedings. Specifically, petitioner alleges that New York City police officers arrested him without a warrant, probable cause, or exigent circumstances. (*Id.* at 5, 7.) In addition, petitioner asserts that he was denied an evidentiary hearing and the opportunity to present evidence and testimony before the Grand Jury. (*Id.* at 5-6.) Petitioner also alleges that the Kings County Supreme Court lacked jurisdiction over his case and that Supreme Court Justice John T. Walsh should have recused

2

himself because of purported property interests related to the criminal proceeding. (*Id.* at 6-7.) Finally, petitioner alleges that his former attorney provided inadequate representation by failing to advocate for his Speedy Trial rights. (*Id.*) Based on the foregoing allegations, petitioner initially requested his immediate release from OBCC. (*Id.* at 8.) On October 5, 2012, during the pendency of this petition, petitioner was released from OBCC on bail. *See* http://iapps.courts.state.ny.us/webcrim_attorney/AttorneyWelcom, Case Number 00046-2010 (last visited 1/16/13). Petitioner is currently awaiting his trial. *Id.*

The petition before the court possesses two noteworthy characteristics. First, the petition, which is labeled "Petition by the Common Law Writ: Habeas-Corpus-Subjiciendum," seeks a "Writ of Habeas Corpus BROUGHT UNDER THE COMMON LAW, and The American Flag of Peace" and rejects any attempt by this court to "convert this instrument to a statutory instrument and/or venue." (Pet. at 1, 4.) Petitioner further claims that he "filed a Common Law Writ of Habeas-Corpus-Corpus-Subjiciendum" in the Kings County Supreme Court and alleges that the Kings County Supreme Court and the Appellate Division denied his petition. (*Id.* at 4-6.) Second, the petition was not filed by petitioner but rather by Burley Nelson, petitioner's father. (*Id.* at 1, 9.) Burley Nelson avers that petitioner instructed

3

him to print, sign, and submit this petition on his behalf. (*Id.* at 8-9.) Heeding those instructions, Burley Nelson signed the petition on behalf of himself and petitioner and filed the instant action. (*Id.*)

## DISCUSSION

### I. The Nature of the Instant Petition

As a preliminary matter, the court notes that the nature of the instant petition is somewhat unclear. The petitioner first characterizes the petition as a "Petition by the Common Law Writ: Habeas-Corpus-Subjiciendum" and then declares that it is an "application for a Writ of Habeas Corpus Brought under the Common Law and the American Flag of Peace." (*Id.* at 1, 4.) Although petitioner resists characterizing his petition as a "statutory instrument," (*id.* at 4), he must nevertheless satisfy the procedural and substantive requirements set forth under the federal habeas statute to obtain the relief he seeks, *see* 28 U.S.C. §§ 2241-2254.

It is well settled that Congress codified the "ancient writ of *habeas corpus ad subjiciendum* . . . in the statutory provisions of Chapter 153 of Title 28 (§§ 2241-2255) titled 'Habeas Corpus.'" *Stantini v. United States*, 986 F. Supp. 736, 739 (E.D.N.Y. 1997). Moreover, the "[p]ower to issue the writ of habeas corpus . . . was granted to the federal courts in the Judiciary Act of 1789." *United States v. Hayman*, 342 U.S. 205,

210 (1952) (footnote omitted); see *Felker v. Turpin*, 518 U.S. 651, 659-60 (1996); *Brown v. Allen*, 344 U.S. 443, 460-61 (1953) ("Jurisdiction over applications for federal habeas corpus is controlled by statute. . . . Liberal as the courts are and should be as to practice in setting out claimed violations of constitutional rights, the applicant must meet the statutory test of alleging facts that entitle him to relief."). Because this court's authority to issue a writ of habeas corpus is circumscribed by congressional statute, petitioner must satisfy the statutory requirements set forth in 28 U.S.C. §§ 2241-2254. Petitioner may not circumvent those procedural and substantive statutory requirements by mischaracterizing his petition.[2]

In this case, petitioner challenges the constitutionality of his pretrial detainment in state prison. Because petitioner was not "in custody pursuant to the judgment

---

[2] To the extent that the petition can be construed as requesting the writs of error *coram nobis* or *audita querela*, the courts finds that those common law writs are unavailable to petitioner. Although district courts may issue such common law writs pursuant to 28 U.S.C. § 1651, see *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998) (per curiam), prisoners must generally "use the statutorily created remedies" set forth in the federal habeas statute, *Pimentel v. United States*, No. 11-CV-4724, 2011 WL 6019013, at *1-2 (E.D.N.Y. Nov. 30, 2011); *Mora v. United States*, No. 11-CV-561, 2011 WL 891440, at *2 (E.D.N.Y. Mar. 10, 2011). "[T]he common-law writs are limited to circumstances where there are gaps in the statutory framework and the unavailability of any post-conviction relief might raise questions as to the constitutional validity of the statutory remedies." *Pimentel*, 2011 WL 6019013, at *1; see *Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.") Petitioner does not allege that there are gaps in the statutory framework regulating habeas relief in this case. As such, the instant petition does not entitle petitioner to the common law writs of error *coram nobis* or *audita querela*.

5

of a State court" at the time this petition was filed, he cannot seek habeas corpus relief pursuant to § 2254. *See* 28 U.S.C. § 2254; *Robinson v. Sposato*, No. 11-CV-191, 2012 WL 1965631, at *1 (E.D.N.Y. May 29, 2012) (holding that a habeas petition challenging pretrial confinement is properly brought under § 2241 rather than § 2254); *Crawford v. New York*, No. 08-CV-1287, 2009 WL 396308, at *1 (N.D.N.Y. Jan. 17, 2009) ("[S]ection 2254 would not apply to individuals held in pretrial custody because their custody would not result from a 'judgment' as required by that statute while the broader § 2241 would apply to those in custody pretrial."). Nevertheless, "Section 2241 is available to state pre-trial detainees challenging their custody as being in violation of the Constitution or federal law." *Robinson*, 2012 WL 1965631, at *2; *Marte v. Berkman*, No. 11-CV-6082, 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011) ("[T]he Second Circuit has recognized that § 2241 is available to state pre-trial detainees."), *aff'd*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. May 10, 2012) (summary order); *see United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 293 (2d Cir. 1976) (treating habeas petition brought by state pre-trial detainee as one brought under § 2241).

Accordingly, despite petitioner's attempt to prohibit the court from converting the petition into a "statutory

instrument," the court deems the instant petition for a writ of habeas corpus as one brought under 28 U.S.C. § 2241.[3]

## II. "Next Friend" Status

A petition for a writ of habeas corpus may be brought either "by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; see *Geronimi ex rel. Posr v. Rushing*, No. 11-CV-1121, 2011 WL 1240560, at *2 (E.D.N.Y. Mar. 29, 2011). Before the court can consider the merits of the instant petition, Burley Nelson must demonstrate that he has standing to proceed as "next friend" to Deric Nelson. See *Geronimi*, 2011 WL 1240560 at *2. "First a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Wang v. City of New York*, No. 08-CV-4258, 2009 WL 705966, at *1 (E.D.N.Y. Mar. 16, 2009) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)) (internal

---

[3] Although petitioner is no longer detained in OBCC, he "need not be physically confined in order to satisfy" the "custody" requirement of § 2241 as "courts have allowed petitioners on bail, parole, and supervised release to pursue habeas petitions." *Marte*, 2011 WL 4946708, at *5. Petitioner was released on bail in October 2012 and thus likely satisfies § 2241's custody requirement.

7

citations omitted). Furthermore, "[t]he burden is on the 'next friend' *clearly* to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164 (emphasis added).

Here, Burley Nelson has not offered an adequate explanation as to why Deric Nelson is incapable of asserting his own rights. Although the petition briefly asserts that "[Deric Nelson] is being held without the ability to be seen" (Pet. at 8), Burley Nelson does not provide any support for this assertion and fails to explain how petitioner's purported inability "to be seen" amounts to petitioner's inability to file this petition on his own behalf by mailing the petition to the court. Moreover, Burley Nelson provides no adequate explanation for his statement that petitioner could not sign the petition himself. Thus, apart from unsubstantiated assertions, Burley Nelson provides no support for the conclusion that petitioner is unable to file the instant petition on his own behalf.

In fact, petitioner drafted the instant petition and instructed Burley Nelson to print and file the petition with the court. (*See id.* at 9.) Petitioner's ability to draft a ten-page habeas petition, transmit that draft to his father, and provide his father with detailed instructions regarding the filing of the petition is inconsistent with petitioner's purported inaccessibility or lack of access to the courts. In any event,

there is no reason, and neither petitioner nor Burley Nelson provide one, that petitioner could not have filed this petition with the resources provided to prison litigants, and available to him, at OBCC. Where, as here, "the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Wang*, 2009 WL 705966, at *1 (quoting *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (internal quotation marks omitted); *see also Ross ex rel. Dunham v. Lantz*, 408 F.3d 121, 123 (2d Cir. 2005). Thus, the court finds that Burley Nelson has failed to clearly establish that petitioner cannot appear on his own behalf and therefore lacks standing to bring this habeas petition as "next friend" to petitioner.[4]

### III. Exhaustion

Even if Burley Nelson had standing to file this petition as "next friend" to Deric Nelson, the petition must be dismissed because petitioner failed to exhaust his state court remedies at the time the petition was filed. "Although not a statutory requirement, Section 2241 has been interpreted as requiring a petitioner to exhaust available state court or administrative remedies prior to seeking any relief thereunder

---

[4] Because petitioner has been released from OBCC during the pendency of this petition, he may easily cure this defect by refiling this habeas petition on his own behalf.

in federal court." *Robinson*, 2012 WL 1965631, at *2 (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632-34 (2d Cir. 2001)); *Scranton*, 532 F.2d at 294 ("While 28 U.S.C., Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). State remedies are deemed exhausted when the petitioner has "presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts)" and "informed that court (and lower courts) about both the factual and legal bases for the federal claim." *Ramirez v. Att'y Gen. of State of New York*, 280 F.3d 87, 94 (2d Cir. 2001) (citing *Picard v. Connor*, 404 U.S. 270, 276-77 (1971)). A petitioner who has not exhausted available state court remedies may only seek a writ of habeas corpus if: "(1) he establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law . . . or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice." *Robinson*, 2012 WL 1965631, at *2 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Petitioner states that he filed a habeas petition in Kings County Supreme Court and that his petition was denied by

the Supreme Court and the Appellate Division. (Pet. at 4-6.) Even assuming that petitioner's state court habeas petition fairly presented to the New York state trial and intermediate appellate courts the same federal constitutional claims raised in the instant petition, he did not request leave to appeal those adverse decisions to the New York Court of Appeals, which had no opportunity to pass upon and correct alleged violations of petitioner's federal rights before the instant petition was filed. See Wang, 2009 WL 705966, at *2 (citing Baldwin v. Reese, 541 U.S. 27, 29 (2004)); Wood v. Artuz, 39 F. Supp. 2d 211, 216 (E.D.N.Y. 1999) ("This claim is not properly presented for review, however, because petitioner failed to exhaust his state remedies by presenting his claim to the highest state court empowered to hear it, the New York Court of Appeals."). Thus, petitioner has failed to exhaust his state court remedies.

Moreover, petitioner has failed to establish, much less allege, any cause for his failure to exhaust his state court remedies or any prejudice resulting from the alleged violation of his federal constitutional rights. Robinson, 2012 WL 1965631, at *2. Nor has petitioner asserted that this court's failure to consider his petition will result in a fundamental miscarriage of justice. Id. at *2. Accordingly, his petition must be dismissed.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied without prejudice. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to serve a copy of this Memorandum and Order on respondents and note service on the docket. Upon receipt of this Memorandum and Order, respondents shall inquire upon petitioner's current address and shall effectuate service of this Memorandum and Order on him and note service on the docket. Should respondents be unable to obtain petitioner's current address and effectuate proper service, respondents are respectfully directed to inform the court via ECF of their attempts to locate petitioner no later than January 30, 2013.

**SO ORDERED.**

Dated: Brooklyn, New York
January 16, 2013

/s/
KIYO A. MATSUMOTO
United States District Judge